```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
Candice Lamara Rowe,

                        Plaintiff,                                  MEMORANDUM & ORDER
                                                                    23-CV-03916 (DG) (SJB)
        -against-

Brookdale University Hospital and
Reginald Bullock,

                        Defendants.
----------------------------------------------------------------X
```
DIANE GUJARATI, United States District Judge:

Plaintiff Candice Lamara Rowe, proceeding *pro se*, brings this employment discrimination action against Defendants Brookdale University Hospital ("Brookdale") and Reginald Bullock ("Bullock," and together with Brookdale, "Defendants") pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"). *See generally* Complaint ("Compl."), ECF No. 1.[1]

Pending before the Court is Defendants' Motion to Dismiss (the "Motion"), brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Motion, ECF No. 15. Defendants seek dismissal of the Complaint in its entirety. *See generally* Motion. Plaintiff has not filed an opposition to the Motion notwithstanding having been granted two extensions of the deadline for doing so. *See* Orders of October 31, 2023 (setting deadline), January 19, 2024 (extending deadline), and April 26, 2024 (further extending deadline); *see generally* docket.[2] The Court therefore deems the Motion unopposed. *See* ECF No. 25 at 2 (Defendants' request that the Court consider the Motion fully submitted without opposition). Notwithstanding the

---

[1] When citing to the Complaint, the Court refers to the page numbers generated by the Court's electronic case filing system ("ECF"). ECF No. 1 consists of various documents, each of which the Court has considered. For ease of citation, the Court refers to ECF No. 1 in its entirety as "Compl."

[2] Familiarity with the procedural history and background of this action is assumed herein.

lack of opposition, however, the Court considers the Motion on its merits.

For the reasons set forth below, Defendants' Motion to Dismiss is granted and the Complaint is dismissed in its entirety.

## BACKGROUND

### I.    Factual Background[3]

The claims in the Complaint stem from Plaintiff's time on assignment as a nurse at Brookdale University Hospital and Plaintiff's unsuccessful efforts to obtain renewal of assignment or an additional assignment at the hospital.  Plaintiff alleges that she was discriminated and retaliated against because of her refusal to take a COVID-19 vaccine, which refusal was based on an instruction she received in a dream.

More specifically, Plaintiff alleges, *inter alia*: that on March 31, 2021, she "started an assignment at the Brookdale University Hospital as an Operating Room Registered Nurse where [she] was assigned by a Nurse Staffing Agency;" that in the early morning of April 25, 2021, a man's voice spoke to her in a dream and said "Jesus Loves You, Don't Take The Vaccine;" that on the evening of September 24, 2021, Plaintiff received a phone call from "the recruiter of Nurse Staffing Agency #1, who informed [Plaintiff] that Brookdale Hospital was requesting proof of COVID-19 Vaccination and [Plaintiff] was asked to provide proof if vaccinated;" that Plaintiff explained to the recruiter that Plaintiff was not able to take the vaccine; that the recruiter asked Plaintiff to send her reason to the recruiter in an email; that Plaintiff sent the email, stating the reason – namely, the instruction she had received in the dream on April 25, 2021; that on September 29, 2021, the recruiter informed Plaintiff "that a form was available at the hospital for individuals who could not take the Covid-19 vaccine due to religious reasons and that [Plaintiff]

---

[3] The facts set forth in this section are taken from the Complaint and are viewed in the light most favorable to Plaintiff.

could complete one and email it to [the recruiter] for submission to the facility;" that Plaintiff "was informed to inquire [about the form] at the Employees Health Department;" that on the morning of September 30, 2021, Plaintiff "visited the Brookdale University Hospital Employee Health Department and spoke to an employee in the department who gave [her] the form titled 'OBH Mandatory Covid-19 Vaccine Program Request Reasonable Accommodation Based On Genuine And Sincere Religious Belief;'" and that Plaintiff "completed and submitted the form . . . to the recruiter of the Staffing Agency" that morning. *See* Compl. at 10-12.[4]

Plaintiff further alleges, *inter alia*, that on September 29, 2021, she requested a renewal of assignment and requested the assignment to begin on October 17, 2021; that her assignment at Brookdale Hospital ended on October 9, 2021; and that prior to the end date, she did not receive formal communication regarding the status of her "Request for Reasonable Accommodation" but she was informed by the recruiter that the recruiter "was still waiting to hear back from the facility on acceptance of the religious exemption." *See* Compl. at 11-12. Plaintiff alleges that she "was not rehired for the next assignment" and "did not receive any formal update regarding the assignment status" but that on October 14, 2021, she "received a phone call from the recruiter of a second Nurse Staffing Agency," "was offered an operating room assignment proposal for

---

[4] Plaintiff has provided a copy of the above-referenced form, through which Plaintiff sought a religious exemption and not any other type of accommodation. *See* Compl. at 27-28. Notably, the preprinted portion of the form states: "Under the New York State Department of Health Regulation issued on August 26, 2021, general hospitals and nursing homes are not allowed to give religious exemptions." *See* Compl. at 27. The form goes on to state that the forms are being collected "in case the regulation is modified." *See* Compl. at 27. The form also contains an acknowledgement section, which repeats the above-mentioned points. *See* Compl. at 27.

Plaintiff does not allege that she sought an exemption on medical grounds, and indeed, the medical-related documents submitted by Plaintiff significantly post-date the events alleged in the Complaint and appear to have been submitted in support of Plaintiff's damages request. *See generally* Compl.

3

Brookdale Hospital, at the same location," "accepted the offer[,] and agreed on an assignment start date to begin on the first day of November 2021." *See* Compl. at 13.  Plaintiff alleges that she submitted "all that was requested of [her] by the Nurse Staffing Agency #2" and "also requested a 'request for reasonable accommodation based on genuine and sincere religious belief' in regards to the Covid Vaccine." *See* Compl. at 13.  Plaintiff alleges that on November 2, 2021, she "was informed by the recruiter of Nurse Staffing Agency #2 that the confirmation of the start date was held up by the Human Resources department and that they needed to approve the religious exemption paperwork" and that ultimately Plaintiff was "denied rehire through the second Nurse Staffing Agency." *See* Compl. at 14.

Plaintiff alleges that she believes that her "Religious Right under Title VII of the Civil Rights Act of 1964[] has been violated repeatedly on multiple occasions where there was no confirmation received of an approval for a 'Request for Reasonable Accommodation Based on Genuine and Sincere Religious Belief', which was submitted through two separate and independent Nurse Staffing Agencies working with the Hospital at two separate instances." *See* Compl. at 15.  Plaintiff also alleges that she "was also denied rehire twice through two separate Nurse Staffing Agencies" and that she "believe[s] that there was retaliation as well." *See* Compl. at 15.

Plaintiff asserts that she believes that she "was treated unfairly, and without respect;" that finding a job has been very difficult in New York; and that being unemployed "has resulted in one event leading to another thereby causing many unfavourable situations concerning [her] life and wellbeing." *See* Compl. at 15-16; *see also* Compl. at 6.  Plaintiff seeks damages in the amount of $90 million.  *See* Compl. at 6, 18.

4

## II.     Procedural Background

On May 23, 2023, Plaintiff filed the Complaint in this action.  *See* ECF No. 1.  On December 12, 2023, Defendants filed the Motion to Dismiss.  *See* ECF No. 15; *see also* Defendants' Memorandum of Law ("Defs.' Br."), ECF No. 15-4.  Plaintiff did not file an opposition to the Motion despite having been given ample opportunity to do so.  *See generally* docket.[5]

## STANDARD OF REVIEW

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  The Court must "accept all 'well-pleaded factual allegations' in the complaint as true" and "'construe all reasonable inferences that can be drawn from the complaint in the light most favorable to the plaintiff.'" *Lynch v. City of N.Y.*, 952 F.3d 67, 74-75 (2d Cir. 2020) (first quoting *Iqbal*, 556 U.S. at 679; then quoting *Arar v. Ashcroft*, 585 F.3d 559, 567 (2d Cir. 2009)).  However, "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action will not do," and dismissal is proper where "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 555, 558.  A court is not

---

[5] By Order dated April 26, 2024, Magistrate Judge Sanket J. Bulsara set forth that Plaintiff had filed "several requests for certificates of default" and Judge Bulsara denied those requests, noting that Defendants have appeared in this case and that in the presence of a litigating defendant, there is no default and no basis to enter a default judgment.  *See* April 26, 2024 Order.  Subsequent to that Order, Plaintiff filed an additional submission in which she again claimed – incorrectly – that Defendants had defaulted.  *See* ECF No. 24.

"bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions." *See Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (quotation omitted); *see also Iqbal*, 556 U.S. at 678 (noting that a court is "not bound to accept as true a legal conclusion couched as a factual allegation" (quoting *Twombly*, 550 U.S. at 555)); *Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) (noting that "factual allegations must be sufficient to support necessary legal conclusions"). "In considering a motion to dismiss for failure to state a claim, '[a] district court is normally required to look only to the allegations on the face of the complaint,'" though "[it] may consider documents that 'are attached to the complaint,' 'incorporated in it by reference,' 'integral' to the complaint, or the proper subject of judicial notice." *United States v. Strock*, 982 F.3d 51, 63 (2d Cir. 2020) (quoting *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007)).

In reviewing a *pro se* complaint, a court must be mindful that the plaintiff's pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also, e.g.*, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that, "[e]ven after *Twombly*," courts "remain obligated to construe a *pro se* complaint liberally"). Nevertheless, to survive a motion to dismiss, a *pro se* plaintiff must plead sufficient facts to state a claim that is plausible on its face. *See, e.g.*, *Ebomwonyi v. Sea Shipping Line*, 473 F. Supp. 3d 338, 346 (S.D.N.Y. 2020), *aff'd*, No. 20-3344, 2022 WL 274507 (2d Cir. Jan. 31, 2022).

## DISCUSSION

### I. Applicable Law

42 U.S.C. § 2000e-2(a) (titled "Employer practices") provides:

It shall be an unlawful employment practice for an employer--

> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.[6]

42 U.S.C. § 2000e-3(a) (titled "Discrimination for making charges, testifying, assisting, or participating in enforcement proceedings") provides:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e (titled "Definitions") provides in relevant part:

> For the purposes of this subchapter--
>
> . . .
>
> (j) The term "religion" includes all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business.

---

[6] *See also Buon v. Spindler*, 65 F.4th 64, 78-79 (2d Cir. 2023) (stating that "to properly assert a claim of discrimination against an employer under Title VII, a plaintiff must 'allege two elements: (1) the employer discriminated against her (2) because of her race, color, religion, sex, or national origin'" and that "for a discrimination claim to survive a motion to dismiss, 'absent direct evidence of discrimination, what must be plausibly supported by facts alleged in the complaint is that the plaintiff (1) is a member of a protected class, (2) was qualified, (3) suffered an adverse employment action, and (4) has at least minimal support for the proposition that the employer was motivated by discriminatory intent'" (alterations accepted) (first quoting *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 85 (2d Cir. 2015); then quoting *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015))).

7

At the times relevant to the allegations contained in the Complaint, N.Y. Comp. Codes R. & Regs. tit. 10, § 2.61 (2021) (titled "Prevention of COVID-19 transmission by covered entities") ("Section 2.61" or "State Mandate") provided, *inter alia*:

> Covered entities shall continuously require personnel to be fully vaccinated against COVID-19, with the first dose for current personnel received by September 27, 2021 for general hospitals and nursing homes, and by October 7, 2021 for all other covered entities absent receipt of [a medical exemption].

*See* Section 2.61(c)-(d) (effective August 26, 2021) (repealed effective October 4, 2023).[7]

For the purpose of Section 2.61, "personnel" was defined as "all persons employed or affiliated with a covered entity, whether paid or unpaid, including but not limited to employees, members of the medical and nursing staff, contract staff, students, and volunteers, who engage in activities such that if they were infected with COVID-19, they could potentially expose other covered personnel, patients or residents to the disease" and "covered entities" was defined to include "any facility or institution included in the definition of 'hospital' in section 2801 of the Public Health Law, including but not limited to general hospitals, nursing homes, and diagnostic and treatment centers." *See* Section 2.61(a)(1)-(2) (effective August 26, 2021).

## II.     The Complaint is Dismissed for Failure to State a Claim

In support of the Motion, Defendants raise four primary arguments: (1) that Plaintiff's religious discrimination claim must be dismissed because the proposed accommodation – namely, the grant of a religious exemption from the vaccination requirement – would have imposed undue hardship on Brookdale and the strict requirements of the State Mandate negate any inference of discriminatory intent; (2) that Plaintiff's retaliation claim must fail because she

---

[7] *See also generally Does 1-2 v. Hochul*, 632 F. Supp. 3d 120 (E.D.N.Y. 2022) (discussing genesis and provisions of Section 2.61 and noting that Section 2.61 did not provide for a religious exemption but did provide for a medical exemption), *appeal pending*, No. 22-2858 (2d Cir.).

8

pleads no specific supporting facts, does not allege to have engaged in any protected activity, and cannot establish a but-for causal connection between her religious exemption request and the non-extension of her assignment at Brookdale; (3) that the Complaint must be dismissed against Defendant Bullock because there is no individual liability under Title VII and Plaintiff does not make any factual allegations about him; and (4) that Plaintiff cannot recover against Brookdale under Title VII because she never was, or sought to be, an employee of the hospital. *See generally* Defs.' Br.

The Court agrees that the Complaint must be dismissed. Even liberally construed, the Complaint fails to plausibly state any claim.

As Defendants correctly assert, Title VII does not provide for individual liability. *See Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000) (stating that "individuals are not subject to liability under Title VII"); *see also Buon v. Spindler*, 65 F.4th 64, 78 (2d Cir. 2023). Accordingly, Plaintiff's claims against Defendant Bullock must be dismissed.[8]

Plaintiff's claims against Defendant Brookdale also must be dismissed, for the reasons set forth below.

As an initial matter, under the circumstances here, Plaintiff does not appear to have sufficiently alleged the requisite employment relationship for liability under Title VII. *See, e.g., Felder v. U.S. Tennis Ass'n*, 27 F.4th 834, 841-46 (2d Cir. 2022) (noting that "the existence of an employer-employee relationship is a primary element of Title VII claims," that "in certain circumstances an employee may assert employer liability against an entity that is not formally his

---

[8] Further, as Defendants correctly note, the Complaint does not contain any factual allegations about Defendant Bullock's conduct or involvement in any alleged discrimination or retaliation against Plaintiff. *See* Defs.' Br. at 3, 6, 21; *see generally* Compl. Indeed, Defendant Bullock is referenced only in the Complaint's caption and listing of defendants. *See* Compl. at 1-2.

9

or her employer," and that "[p]ursuant to the joint employer doctrine, one such circumstance exists when an employee, formally employed by one entity is assigned to work in circumstances that justify the conclusion that the employee is at the same time constructively employed by another entity;" discussing considerations for determining whether an employer is a joint employer; and stating that "Title VII only protects employees and not independent contractors" (quotations omitted)). In the Complaint, Plaintiff uses the term "assignment" to describe her time at Brookdale, refers to first being on assignment through "Nurse Staffing Agency #1," refers to seeking assignment "renewal" through that agency, and refers to later seeking assignment at Brookdale through a "second Nurse Staffing Agency." *See* Compl. at 10-14. The Complaint does not appear to allege that Plaintiff ever was – or sought to become – an *employee* of Brookdale. *See generally* Compl. The Complaint also does not appear to allege facts sufficient to establish liability based on the joint employer doctrine. The Court need not, however, conclusively determine whether Plaintiff has plausibly alleged an employment relationship sufficient for Title VII purposes because even assuming, *arguendo*, that she has done so, Plaintiff's claims against Defendant Brookdale nevertheless fail.

As Defendants correctly argue, Plaintiff's claim of religious discrimination suffers from various deficiencies. The Complaint – which, notably, fails to contend in any way with the State Mandate – alleges no facts to support an inference that the hospital acted with discriminatory intent, as opposed to having simply acted in compliance with its obligations under the State Mandate. Plaintiff sought only a blanket religious exemption from the COVID-19 vaccination requirement, which was foreclosed by the State Mandate. Granting the requested exemption would have imposed undue hardship on Brookdale and Plaintiff has not identified any other accommodation Brookdale could have offered her that would have permitted her to remain in her

10

nursing position while also enabling Brookdale to comply with state law. *See D'Cunha v. Northwell Health Sys.*, No. 23-476, 2023 WL 7986441, at *2-3 (2d Cir. Nov. 17, 2023) (setting forth applicable law where plaintiff sought religious accommodation and affirming district court's dismissal of Title VII religious discrimination claim, noting that defendant "could not have granted [plaintiff's] religious-exemption request without violating the State Mandate, exposing itself to potential penalties, and thereby suffering an undue hardship"); *Corrales v. Montefiore Med. Ctr.*, No. 22-CV-03219, 2023 WL 2711415, at *7-8 (S.D.N.Y. Mar. 30, 2023) (dismissing Title VII religious discrimination claim where granting plaintiff's requested religious exemption would have required defendant to violate Section 2.61, "causing it undue hardship"); *Does 1-2*, 632 F. Supp. 3d at 144-45, 145 n.28 (dismissing Title VII religious discrimination claim where the sole "accommodation" sought was a religious exemption from the vaccine requirement, noting that the exemption would impose an undue hardship on defendants "because it would require them to violate state law" and additionally noting that defendants "persuasively argue that in addition to requiring the defendants to violate the law, exempting the plaintiffs from the vaccine requirement would expose vulnerable patients and nursing home residents, as well as other healthcare workers, to the COVID-19 virus, which is obviously a significant hardship" and that "[a]side from the obvious hardship associated with an increase in infections and its deleterious effect on staff and patients," defendants "could also face legal liability if a patient or resident treated by an unvaccinated employee were to contract COVID-19"); *Dennison v. Bon Secours Charity Health Sys. Med. Grp., P.C.*, No. 22-CV-02929, 2023 WL 3467143, at *5 (S.D.N.Y. May 15, 2023) (noting that "Title VII cannot be used to require employers to break the law" and citing *Bey v. City of New York*, 999 F.3d 157, 170 (2d Cir. 2021)); *We The Patriots USA, Inc. v. Hochul*, 17 F.4th 368, 370 (2d Cir. 2021) (noting that "[o]f course, Title VII does

11

not obligate an employer to grant an accommodation that would cause 'undue hardship on the conduct of the employer's business'" (quoting 42 U.S.C. § 2000e(j))); *Groff v. DeJoy*, 600 U.S. 447, 468-71 (2023) (discussing meaning of "undue hardship" in Title VII context).

In addition, although Plaintiff checks the box on the preprinted complaint form indicating that the conduct of which she complains in this action includes "Retaliation," *see* Compl. at 4, and states, in a conclusory manner, that she "believe[s] that there was retaliation," *see* Compl. at 15, Plaintiff does not allege facts that plausibly state a claim of retaliation, particularly in light of the State Mandate. *See generally* Compl.; *see Carr v. N.Y.C. Transit Auth.*, 76 F.4th 172, 180 (2d Cir. 2023) (holding that "to establish a prima facie case of retaliation, a plaintiff must demonstrate that (1) she engaged in protected activity, (2) the defendant was aware of that activity, (3) she was subjected to a retaliatory action, or a series of retaliatory actions, that were materially adverse, and (4) there was a causal connection between the protected activity and the materially adverse action or actions"); *Addonizio v. Nuvance Health*, No. 23-CV-01582, 2024 WL 2958795, at *7 (S.D.N.Y. June 11, 2024) (setting forth requirements for establishing a *prima facie* case of retaliation under Title VII but noting that "[a]t the motion to dismiss stage, however, a plaintiff need only plausibly allege that (1) the defendants discriminated or took an adverse employment action against her because (2) she opposed an unlawful employment practice"). The Court is not required to accept Plaintiff's conclusory assertions of retaliation. *See Faber*, 648 F.3d at 104; *Ruston*, 610 F.3d at 59.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss, ECF No. 15, is GRANTED and the Complaint, ECF No. 1, is DISMISSED.

Notwithstanding Plaintiff's *pro se* status, dismissal of the Complaint is without leave to

12

amend. As an initial matter, Plaintiff has not requested leave to amend. *See generally* docket; *see Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) ("While leave to amend under the Federal Rules of Civil Procedure is freely granted, no court can be said to have erred in failing to grant a request that was not made." (quotation and citation omitted)); *see also Felder*, 27 F.4th at 848 (quoting *Gallop*, 642 F.3d at 369).[9] Further, in light of the defects noted above, amendment would be futile. *See, e.g.*, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment, close this case, and mail a copy of this Order to Plaintiff.

SO ORDERED.

*/s/ Diane Gujarati*
DIANE GUJARATI
United States District Judge

Dated: July 17, 2024
       Brooklyn, New York

---

[9] As set forth above, Plaintiff did not even avail herself of the opportunity to argue in the first instance that the Complaint should not be dismissed.

13